1

2

3

4                        UNITED STATES DISTRICT COURT

5                       NORTHERN DISTRICT OF CALIFORNIA

6

7    MAGDALENO SALAZAR,                      Case No. 20-cv-02752-JST

8                   Plaintiff,

9            v.                               **ORDER OF DISMISSAL**

10   D. CAMPBELL, et al.,                     Re: ECF No. 24

11                  Defendants.

12

13          Plaintiff, an inmate at San Quentin State Prison ("SQSP"), has filed a *pro se* civil rights

14   action pursuant to 42 U.S.C. § 1983.  Now pending before the Court is Plaintiff's second amended

15   complaint.  ECF No. 22.  The Court GRANTS Defendants' request for screening of the second

16   amended complaint.  ECF No. 24.

17                                       **DISCUSSION**

18   **I.      Legal Standard**

19          A federal court must conduct a preliminary screening in any case in which a prisoner seeks

20   redress from a governmental entity or officer or employee of a governmental entity.  *See* 28 U.S.C.

21   § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims

22   that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek

23   monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A(b)(1),

24   (2).  *Pro se* pleadings must, however, be liberally construed.  *See United States v. Qazi*, 975 F.3d

25   989, 993 (9th Cir. 2020).

26          Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the

27   claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  "Specific facts are not

28   necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the

United States District Court
Northern District of California

grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). While Rule 8 does not require detailed factual allegations, it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). A pleading that offers only labels and conclusions, or a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement does not suffice. *Id.* To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

## II.     Procedural Background

On October 11, 2019, Plaintiff initiated this action by filing the *pro se* action, Case No. CIV 1902669, *Salazar v. CDCR, et al.*, in Marin County Superior Court against SQSP sergeant F. Rodriguez, SQSP lieutenant C. Torres, SQSP sergeant D. Campbell, SQSP officer Gonzales, and SQSP officer Sobrepena (collectively, "SQSP Defendants"), and the California Department of Corrections and Rehabilitation ("CDCR"), regarding a February 28, 2018 uncuffing.  ECF No. 1-1.

On April 21, 2020, the SQSP Defendants removed the action to federal court.  ECF No. 1.

On September 22, 2020, the Court dismissed the complaint with leave to amend, finding that the complaint did not state a cognizable First Amendment retaliation claim because it did not identify the protected activity that prompted the allegedly retaliatory action, or the connection between the protected activity and the February 28, 2018 uncuffing.  *See generally* ECF No. 16. The Court declined to screen the state law claims until it could be determined whether Plaintiff could state a cognizable federal law or federal constitutional claim.  *See generally* ECF No. 16.

On October 13, 2020, Plaintiff filed an amended complaint against the SQSP Defendants but no longer naming the CDCR as a defendant.  The amended complaint again alleged that the SQSP Defendants violated Plaintiff's constitutional and state law rights during a February 28, 2018 uncuffing.  ECF No. 18.  The Court dismissed the first amended complaint with leave to amend for the following reasons.  ECF No. 21.  The Court found that the first amended complaint

2

again failed to state a First Amendment retaliation claim because it did not identify the grievance that allegedly prompted the retaliation, and did not identify any connection between a grievance (or other protected conduct) and the February 28, 2018 uncuffing.  ECF No. 21 at 4.  The Court found that the first amended complaint did not state a cognizable excessive force claim because the factual allegations did not indicate malicious or sadistic intent to cause harm.  ECF No. 21 at 5. Finally, the Court found that the first amended complaint did not state a cognizable due process claim because it did not identify how Plaintiff's federal due process rights were violated by the February 28, 2018 uncuffing.  ECF No. 21 at 5.  The Court did not screen the state law claims because no cognizable federal law claims had been stated.  ECF No. 21 at 5.  The Court granted Plaintiff leave to amend the claims for a second time.  ECF No. 21 at 5.

**III.    Second Amended Complaint**

The second amended complaint names as defendants SQSP officers Campbell, Bermudez, Dooley, and Tynes (collectively, "Defendants").  SQSP officers Rodriguez, Torres, Gonzalez, and Sobrepena are no longer named as defendants.[1]

The second amended complaint alleges that, on March 5, 2018, defendant Tynes complained to defendant Campbell about being given a broken cuff key.  Defendant Campbell told defendant Tynes that she was busy and did not replace the handcuff key for the waist restraints. Then defendant Campbell got mad at Plaintiff for telling defendant Tynes that defendant Tynes had been given a cuff key that was broken on February 28, 2018.  Defendants Campbell and Bermudez decided not to give Plaintiff waist restraints, knowing of the injury to his left hand. Defendant Dooley gave Plaintiff the waist restraints on Plaintiff's way out to the recreational yard. But, on the way back from the yard, defendant Bermudez forced Plaintiff to wear regular handcuffs despite knowing of Plaintiff's hand injury.  Defendant Bermudez also threatened to send Plaintiff to the hole and to issue him a rules violation report.

Plaintiff alleges that Defendants are constantly threatening him, abusing their power, intimidating him, and harassing him, and that these actions are "nothing less than a pure retaliation

---

[1] Although officer Rodriguez is listed in the caption (ECF No. 22 at 1), he is not listed under parties (ECF No. 22 at 3) or in the statement of claim (ECF No. 22 at 4).

United States District Court
Northern District of California

by them against [him]."  ECF No. 22 at 4.  Plaintiff requests the following relief:  an injunction preventing Defendants from further retaliating against him, threatening him, and intimidating him; appropriate medical care and permanent chronos for wrist braces and waist restraints; and punitive damages.  ECF No. 22 at 4.

## IV.    Dismissal with Prejudice

Plaintiff has again failed to state a First Amendment retaliation claim.  As the Court has previously explained to Plaintiff:  "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements:  (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal."  *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted).  Plaintiff has again failed to identify neither any protected conduct nor how that conduct is related to the events on March 5, 2018.[2]  The Court also notes that allegations of verbal harassment and abuse fail to state a claim cognizable under 42 U.S.C. § 1983. *See Freeman v. Arpaio*, 125 F.3d 732, 738 (9th Cir. 1997) *overruled in part on other grounds by Shakur v. Schriro*, 514 F.3d 878, 884-85 (9th Cir. 2008); *see, e.g., Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996), *amended* 135 F.3d 1318 (9th Cir. 1998) (disrespectful and assaultive comments by prison guard not enough to implicate Eighth Amendment).  Allegations of mere threats also are not cognizable under § 1983.  *See Gaut v. Sunn*, 810 F.2d 923, 925 (9th Cir. 1987) (mere threat does not constitute constitutional wrong, nor do allegations that naked threat was for purpose of denying access to courts compel contrary result).

The second amended complaint fails to cure the deficiencies identified in the Court's prior orders of dismissal with leave to amend.  Accordingly, this case is DISMISSED with prejudice because the second amended complaint fails to state a cognizable claim for relief.  Further leave to

[2] Plaintiff reports that on April 29, 2019, he filed Grievance No. SQ-A-19-01310 alleging that officer Sobrepena (who is not named as a defendant in the second amended complaint) injured him.  Plaintiff alleges that the September 13, 2019 cancellation of this grievance at the third level by Chief of the Office of Appeals Spaich was a new case of retaliation.  ECF No. 22 at 2-3. Grievance No. SQ-A-19-01310 is irrelevant to Plaintiff's retaliation claim because it was filed after the March 5, 2018 events and therefore cannot be the cause of the March 5, 2018 events.

amend will not be granted because the Court has already identified the specific deficiencies in Plaintiff's pleadings, and Plaintiff has been unable to correct them. *See Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) (district court may, in its discretion, deny leave to amend where there have been repeated failures to cure deficiencies by amendments previously allowed).

## CONCLUSION

For the reasons set forth above, the Court GRANTS Defendants' request that the Court screen the second amended complaint, finds that the second amended complaint fails to state a cognizable claim for relief under Section 1983, and DISMISSES this action prejudice. The Clerk shall enter judgment in favor of Defendants and against Plaintiff, and close the case.

This order terminates ECF No. 24.

**IT IS SO ORDERED.**

Dated: September 3, 2021



_____
JON S. TIGAR
United States District Judge